UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ADOLFO CAYETANO

Plaintiff,

v.

MAUSER PACKAGING SOLUTIONS, *et al.*,

Defendants.

Case No. 5:25-cv-01544-CV (Ex)

**ORDER GRANTING MOTION TO REMAND [DOC. # 18]**

Before the Court is Plaintiff Adolofo Cayetano's ("Plaintiff") Motion to Remand ("Motion") filed on July 30, 2025. Doc. # 18 ("Mot."). On August 8, 2025, Defendant Mauser Packaging Solutions filed an opposition brief ("Opposition"). Doc. # 20 ("Opp."). Plaintiff filed a reply brief on August 12, 2025. Doc. # 21 ("Reply"). Accordingly, the Motion is fully briefed.

Having reviewed and considered all the briefing filed with respect to the Motion, the Court found that oral argument is not necessary to resolve the Motion, Doc. # 22; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

///

## I. INTRODUCTION

Plaintiff filed the present action on April 10, 2025, in the San Bernardino County Superior Court. Doc. # 4-3. ("Compl.") at 1.[1] Defendant removed the action to the Central District of California asserting diversity jurisdiction on June 20, 2025. Doc. # 1 ("NOR") at 7. Plaintiff, however, asserts this Court lacks jurisdiction because the Parties are not completely diverse. Mot. at 3.

## II. FACTUAL BACKGROUND

This is an employment dispute. Plaintiff alleges he was exposed to toxic chemicals on the job, and that Defendants provided no safety equipment to protect him despite the fact that Defendants knew or should have known Plaintiff was exposed to such chemicals. Compl. ¶¶ 4–5. He further alleges that Defendants engaged in a cover-up to conceal the full extent of Plaintiff's exposure. *Id.* ¶¶ 5, 39–42. Because Plaintiff sought medical treatment and complained about a hostile work environment and exposure to toxic chemicals, Defendants allegedly began to retaliate against and harass him. *Id.* ¶¶ 4–5, 8–11. Plaintiff alleges Defendants' hostile retaliation culminated in his wrongful termination. *Id.* ¶¶ 8–14. Plaintiff also alleges that Defendants failed and refused to pay him his proper wages, including overtime. *Id.* ¶¶ 6, 15–38, 43–50.

Plaintiff's Complaint alleges the following causes of action: (1) retaliation against an employee in violation of California Labor Code section 1102.5; (2) wrongful termination under California Government Code section 12940(a); (3) overtime violations under California Labor Code sections 510 and 1194; (4) meal and rest period violations under California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Order 5; (5) failure to pay a discharged employee in violation of California Labor Code sections 201 and 203; (6) failure to pay minimum wage in violation of California Labor Code section 1197; (7) failure to provide correct pay stubs in violation of California Labor

---

[1] All record citations reflect CM/ECF pagination.

Code section 226; (8) violation of California Labor Code section 3602(b)(2); and (9) violation of California's Unfair Competition Law. Compl. at 1.

Plaintiff's Motion argues that Defendant David Busby, like Plaintiff, is a California resident. Mot. at 3–8; *see also* Doc. # 19 ("Donahue Decl.") ¶ 3. Accordingly, Plaintiff argues this Court lacks diversity jurisdiction over this action. Mot. at 3–8. Defendants, however, contend that complete diversity exists because none of Plaintiff claims are viable as to Defendant Busby, and thus he is a "sham defendant." Opp. at 2–6. Defendants do not dispute that Defendant Busby is a California resident. *See id.*

## III. LEGAL STANDARD

Defendants may remove a case filed in a state court to a federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity among the parties (i.e., each defendant must be a citizen of a different state from each plaintiff). *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). There is a strong presumption against removal such that courts strictly construe the removal statute against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). The removing party bears the burden to establish that removal is proper. *Id*.

Fraudulently joined defendants do not prevent removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse defendant is fraudulently joined, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

## IV. DISCUSSION

The Court finds unconvincing Defendants' argument that Plaintiff has no viable claim against Defendant Busby such that Busby is a sham defendant. For the reasons

discussed below, the Court finds Defendant Busby is a properly named, California Defendant such that this Court lacks subject matter jurisdiction over this action.

To establish fraudulent joinder, defendant must show either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). A defendant establishes fraudulent joinder the second way if the defendant shows that an "individual joined in the action cannot be liable on any theory." *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id*. (citing *Hunter*, 582 F.3d at 1046). A defendant asserting diversity jurisdiction based on fraudulent joinder bears a "heavy burden" given the general presumption against finding fraudulent joinder. *Id.*

Here, the Court concludes that it is at least possible that a California court would recognize a claim against Defendant Busby under California Labor Code section 1102.5. The relevant portion of the statute provides as follows:

> An employer, ***or any person acting on behalf of the employer***, shall not retaliate against an employee for disclosing information ... to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance ... if the employee has reasonable cause to believe that the information discloses a violation of [a] state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Cal. Lab. Code § 1102.5(b) (emphasis added).

Section 1102.5(b) was amended in 2013 to include "or any person acting on behalf of the employer." *Pike v. Zurich Am. Ins. Co.*, No. 26-cv-515-JWH (JDEx), 2026 WL 2211235, at *3 (C.D. Cal. July 31, 2026). More than a dozen courts considering motions to remand based on fraudulent joinder of individual defendants have determined that state law is unsettled following the 2013 amendment, such that "as a matter of state law, it is not obvious whether a defendant can or cannot be found personally liable under § 1102.5." *Moren v. Nat'l Express Transit, Inc.*, No. 21-cv-1206-AWI-JLT, 2021 WL 5602820, at *2 (E.D. Cal. Nov. 30, 2021) (collecting cases).

Here, Plaintiff need establish only that it is possible that a state court would recognize his claim as to Defendant Busby. *See Albert v. Microsoft Corp.*, No. 25-cv-2642-MRA (DFMx), 2026 WL 800669, at *4 (C.D. Cal. Mar. 23, 2026). Because California courts have not definitively held whether individuals may be liable under California Labor Code section 1102.5, the Court concludes that the possibility exists that Plaintiff could state a claim for relief against Defendant Busby under that section. *See Dawson v. Caregard Warranty Serv., Inc.*, No. 23-cv-01139-SB (SPx), 2024 WL 661198, at *1 (C.D. Cal. Jan. 12, 2024) ("Remand in this circumstance is reasonable in light of the applicable federal standard governing a claim of fraudulent joinder.").

The Court consequently concludes that Defendant Busby was not fraudulently joined. Because Defendant Busby is non-diverse to Plaintiff, complete diversity does not exist, and the Court must remand this action. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the San Bernardino County Superior Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Court remands the case to the San Bernardino County Superior Court, Case No. CIVRS2502801. The Clerk shall send a certified copy of this Order to the Superior Court.

3. The Court directs the Clerk to effect the remand immediately and close this federal case.

**IT IS SO ORDERED**.

Dated: 9/21/26

Cynthia Valenzuela
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE